WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—March, 1888.

MATTER OF TYLER.

*In the matter of the estate of* MARIA TYLER, *deceased.*

In selecting a person to act as administrator, with the will of a decedent annexed, the provisions of 2 R. S., 75, § 33,—which prefers the guardian of a minor, entitled, to "creditors and other persons,"—are to be regarded, in connection with Code Civ. Pro., § 2643.

Therefore, the general guardian of an infant sole residuary legatee, "being in all respects competent," is absolutely entitled to letters of administration, *c. t. a.*, where the person nominated executor is dead.

THE petition showed that, in February, 1886, no

will of Mrs. Tyler having been found, letters of administration on her estate were duly granted to Monmouth G. Hart, the present petitioner; that, on January 20th, 1888, a will of decedent was found, the executors named in which were dead, and which will had been duly admitted to probate, and the letters of administration revoked; that the petitioner was now the general guardian of Carrie E. Tyler, an infant, who was the sole residuary legatee under the will; that the general legatees were William Henry Davids, who resided in the State of Nevada, and Warren Davids, who resided in Brooklyn, N. Y., and who had duly renounced his right to letters of administration with the will annexed. The prayer of the petition was that such letters be granted to him, or to such person as the Surrogate might appoint, or that all persons having a prior right, who have not renounced, be cited to show cause why letters should not be granted to him.

WM. A. WOODWORTH, *for petitioner.*

THE SURROGATE.—Among other things, § 2643 of the Code provides that letters of administration with the will annexed must be issued, upon the application of a creditor or person interested in the estate, as follows: 1st, to one or more of the residuary legatees. who are qualified to act as administrators; and 2d, if there is no such residuary legatee, or none who will accept, then to one or more of the principal or specific legatees so qualified. After other provisions, not material here, the section finally authorizes the Sur-

rogate to issue such letters to any proper person designated by him.

By 2 R. S., 74, § 27, as amended in 1867 (Chap. 782), it is provided that, if any of the persons entitled to administer in a case of intestacy be minors, administration may be granted to their guardians. It has been held that a mere executor is "a person interested in the estate" of his testator, and it seems to follow that the general guardian of a minor legatee would, as such, be interested in the estate from which the legacy is derived. Hence, he may petition for the issuance of letters of administration with the will annexed. Section 33 of 2 R. S., 75, provides that, where any person who would otherwise be entitled to letters of administration as next of kin, or to letters of administration with the will annexed as residuary or specific legatee, shall be a minor, such letters shall be granted to his guardian, being in all respects competent, in preference to creditors or other persons. This section is unrepealed, and therefore settles the question here presented, as to whether the letters, in this case, can be issued to the guardian, as such.

There would have been no doubt on this subject, were it not for the habit which obtains of regarding the Code as a new dispensation, and as furnishing the only rule for guidance. It will be seen that § 2643 of the Code is substantially the same as 2 R. S., 71, § 14, which it supersedes. The latter declares that letters of administration with the will annexed shall be issued "in the same manner and under the like regulations and restrictions as letters of administration in case of intestacy." The former says such

letters shall be issued to "one or more residuary legatees, who are qualified to act as administrators." Both exclude minors. Section 32 of the R. S. declares a person under the age of twenty-one years incompetent to act, and then we come to § 33, above quoted, which, being in force, applies as well in this case as under the former practice.

The petitioner, being the guardian of the sole residuary legatee, is qualified to act, and as no person has a prior or equal right to the letters which he is entitled to receive, no citation need be issued.